UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21121-BLOOM/Otazo-Reyes

ANNETTE BARNES, individually
and on behalf of all others similarly
situated,

      Plaintiff,

v.

ALLSUP EMPLOYMENT
SERVICES, LLC,

      Defendant.
_____/

## ORDER ON MOTION FOR LEAVE TO FILE SUR-REPLY

**THIS CAUSE** is before the Court upon Defendant's Motion for Leave to File Sur-Reply to Plaintiff's Reply in Support of Motion for Class Certification, ECF No. [78] ("Motion"), filed on June 6, 2022. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Defendant argues that it should be permitted to file a sur-reply because Plaintiff's Reply in Support of the Motion for Class Certification, ECF No. [74] ("Reply"), included "erroneous claims [that] were made for the first time in Plaintiff's Reply." ECF No. [78] at 1. As such, Defendant requests leave to file a sur-reply to respond to Plaintiff's new arguments.

Sur-replies will generally only be permitted in exceptional circumstances. *See, e.g.*, *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). "To allow such sur-replies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Garrison v. Ne. Georgia Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga.

1999). Likewise, Local Rule 7.1(c) provides that a party must obtain leave of court to file a sur-reply. S.D. Fla. L.R. 7.1(c).

In this case, the Court determines that a sur-reply is unnecessary. While Defendant argues that Plaintiff misstated "the discovery record regarding (1) Ms. Ratermann's testimony concerning AES's messages and (2) AES's January 12, 2022 Second Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories," both the testimony and the second supplemental responses and objections are before the Court. *See* ECF Nos. [74-1]; [56-39]. Therefore, the Court can determine whether Plaintiff has misstated the discovery record without a sur-reply.

Further, to the extent that Defendant argues that Plaintiff's Reply raises new arguments not addressed in her Motion for Class Certification, the Court notes that "[i]f the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F.Supp.2d 116, 120 (D.D.C. 2003). In this case, the Court will disregard any new arguments that Plaintiff failed to raise in her Motion for Class Certification.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [78]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 6, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record