### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | | |
|---|---|---|
| ANNETTE BARNES, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-21121 |
| v. | ) ) | Judge Beth Bloom |
| ALLSUP EMPLOYMENT SERVICES, LLC, | ) ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE ARGUMENTS AND EVIDENCE REGARDING DEFENDANT'S FINANCES, PROFITABILITY, EARNINGS, AND SIMILAR FINANCIAL SUBJECTS

Defendant Allsup Employment Services, LLC ("AES") respectfully moves the Court for an order excluding arguments, references to, or evidence at trial regarding AES's finances, profitability, earnings, or similar financial subjects, which are not relevant, and are substantially more unfairly prejudicial than probative. As such, any arguments, references to, or evidence regarding AES's finances, profitability, earnings, or similar financial subjects should be excluded pursuant to Federal Rules of Evidence 401, 402, and 403.

### I.      BACKGROUND

AES is a Social Security Administration ("SSA") contractor that contacts Social Security disability beneficiaries at SSA's direction to inform them about the SSA's free Ticket to Work Program, which assists beneficiaries in getting back to work. Plaintiff asserts claims under the Telephone Consumer Protection Act ("TCPA") related to four telephone prerecorded message calls she alleges she received from AES. (*See* Complaint, ECF 1-2 at ¶¶ 15-16, 38.) In addition to her individual claims, plaintiff seeks to represent an alleged class of individuals who received telephone prerecorded message calls. (*See* Pl. Motion for Class Cert., ECF 48 at 1.)

At various times during the litigation to date, plaintiff has made references to AES's financial condition, including claims about how much money AES has been paid by SSA for AES's work as a contractor. (*See, e.g.,* Pl. Motion for Class Cert., ECF 48 at 3-5.) These references are entirely unrelated to plaintiff's claims regarding the calls she alleges she received from AES and any such references and evidence should be excluded at trial.

II.      **ARGUMENT**

Arguments, references to, or evidence at trial regarding AES's finances, profitability, earnings, or similar financial subjects are not relevant to plaintiff's claims or to any other issues that will be presented at trial. Any minimal probative value of these arguments or evidence is substantially outweighed by the unfair prejudice to AES if such arguments or evidence were allowed at trial. These arguments, references, and evidence should therefore be excluded pursuant to Federal Rules of Evidence 401, 402, and 403.

A.      **Arguments, References to, and Evidence Regarding AES's Finances Are Irrelevant.**

Arguments, references to, and evidence regarding AES's finances, profitability, earnings, or similar subjects are not relevant because they do not make any fact of consequence more or less likely. For example, the amounts received by AES from SSA for AES's services as a Ticket to Work contractor have no bearing on whether the calls plaintiff alleges she received violated the TCPA. It is undisputed that a Ticket to Work Program is a free federal government benefit which cannot be bought or sold. Plaintiff herself has admitted that AES's messages did not seek to sell, or have her purchase, anything. (ECF 57-1, A. Barnes Dep. at A. Barnes Dep. at 128:4-8, 130:7-10, 132:7-10.) In short, AES's earnings as a business do not prove any element of plaintiff's TCPA claims.

Courts routinely exclude this type of argument and evidence at trial because it is not relevant. *See Gomez v. City of Miami Beach*, 2012 WL 12948518, at *2 (S.D. Fla. Mar. 2, 2012) ("Evidence concerning the parties' financial status or ability to pay for a monetary judgment is irrelevant to the matters at issue. Therefore, neither party is permitted to introduce any evidence concerning wealth or financial status at trial."); *Khan v. H & R Block E. Enterprises, Inc.,* 2011 WL 4715201, at *2 (S.D. Fla. Oct. 5, 2011) ("Because any evidence of Defendant's … relative wealth, financial condition, power, or size and any relative disparity between the parties is irrelevant and immaterial to any material facts at issue, no party shall make any such reference during trial."); *see also Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) ("no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's."). The Court should do the same here and exclude irrelevant arguments, references, and evidence concerning AES's finances.

2

     **B.**       **Arguments, References to, and Evidence Regarding AES's Finances Are Unfairly Prejudicial.**

Arguments, references to, and evidence regarding AES's finances, profitability, earnings, or similar financial subjects are not relevant, but even if they were, any probative value would be substantially outweighed by the unfair prejudice posed to AES by such arguments, references, and evidence.

The Court may exclude even relevant evidence under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *St. Cyr v. Flying J Inc.,* 2007 WL 2696791, at \*2 (M.D. Fla. Sept. 12, 2007) (quoting Fed. R. Evid. 403). Courts have acknowledged the prejudice presented by arguments and evidence regarding a party's financial condition and so have granted motions *in limine* to exclude the same at trial. *See, e.g., Orange Lake Country Club, Inc. v. Reed Hein & Assocs., LLC,* 2019 WL 12536770, at \*2 (M.D. Fla. Dec. 20, 2019) (granting motion *in limine* to exclude party from addressing other party's financial worth at trial because "it has been recognized by courts that evidence of a party's financial net worth can be unfairly prejudicial, particularly to large corporations."); *St. Cyr,* 2007 WL 2696791, at \*2 ("this Court finds that it would be inappropriate, and unfairly prejudicial to Defendant to allow the Plaintiffs to refer to Defendant's net worth, revenues, profits, and financial condition"). As arguments, evidence, and references to AES's finances, profitability, earnings, or similar financial subjects have no probative value, the unfair prejudice to AES posed by this evidence weighs heavily in favor of excluding those points at trial.

WHEREFORE, AES respectfully requests that the Court enter an order that bars plaintiff from offering arguments, references to, or evidence regarding AES's finances, profitability, earnings, or similar financial subjects.

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1, counsel for AES hereby certifies that they conferred with counsel for plaintiff and plaintiff opposes the motion.


Date: June 8, 2022

By: /s/ *Nadia Abramson*
Richard C. Godfrey, P.C. (*pro hac vice*)
Andrew B. Bloomer, P.C. (*pro hac vice*)
R. Allan Pixton (*pro hac vice*)
Kelsey Bleiweiss (*pro hac vice*)
Nadia Abramson (FL Bar No. 121763)
KIRKLAND & ELLIS LLP
300 North LaSalle St.
Chicago, IL  60654-3406
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  richard.godfrey@kirkland.com
        andrew.bloomer@kirkland.com
        allan.pixton@kirkland.com
        kelsey.bleiweiss@kirkland.com
        nadia.abramson@kirkland.com

Respectfully Submitted,

Buffey E. Klein
Florida Bar No. 0034639
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas  75201
Telephone:  (214) 999-6100
Facsimile:  (214) 999-6170
Email: buffey.klein@huschblackwell.com

Scott J. Helfand (*pro hac vice*)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois  60606
Telephone:  (312) 655-1500
Facsimile:  (312) 655-1501
Email: scott.helfand@huschblackwell.com

*Attorneys for Defendant Allsup Employment Services, LLC*